CLD-190                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3770
_____

FELIX ORIAKHI,
                                Appellant

v.

UNITED STATES OF AMERICA; ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA; DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 11-cv-05648)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed: June 14, 2012)
_____

OPINION
_____

PER CURIAM

Felix Oriakhi, a federal prisoner proceeding <u>pro se</u>, appeals an order of the United

States District Court for the District of New Jersey dismissing his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

Oriakhi was convicted after a jury trial in 1990 in the United States District Court for the District of Maryland of conspiracy to possess and distribute heroin and interstate travel in furtherance of an unlawful conspiracy to possess and distribute heroin. He was sentenced to 460 months in prison. The United States Court of Appeals for the Fourth Circuit affirmed the conviction in 1992. Oriakhi has unsuccessfully sought post-conviction relief pursuant to 28 U.S.C. § 2255 and § 2241 and has been denied leave to file a successive § 2255 motion.

In 2011, Oriakhi filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District of New Jersey challenging his conviction and sentence. Oriakhi claimed that his counsel was ineffective in failing to advise him of the deportation consequences of his conviction, that his sentence is based on a drug quantity that was not found by the jury or set forth in the indictment, and that his counsel failed to seek a remedy for a violation of the Vienna Convention on Consular Relations. The District Court dismissed the petition for lack of jurisdiction, concluding that Oriakhi was required to seek relief pursuant to 28 U.S.C. § 2255. This appeal followed.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences . . . ." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or

2

ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Oriakhi has not made such a showing. As noted above, the fact that Oriakhi may be unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion "inadequate or ineffective." In his response to possible summary action, Oriakhi contends that the District Court had jurisdiction to entertain his petition under United States v. Orocio, 645 F.3d 630 (3d Cir. 2011), which held that Padilla v. Kentucky, 130 S. Ct. 1473 (2010), applies retroactively to cases on collateral review.[1] Orocio, however, involved a petition for a writ of error coram nobis brought by a petitioner who was no longer in custody, not a § 2241 petition, and did not address the jurisdictional issue presented here. We have allowed a petitioner to challenge a conviction in a § 2241 petition in the unusual case where his conduct may no longer be criminal under a decision issued after his § 2255 proceedings concluded. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). This is not the case here.

---

[1] Padilla recognized that counsel's failure to warn a defendant that a plea would make him eligible for removal constitutes constitutionally defective representation. Orocio, 645 F.3d at 641.

3

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.